## JANE HALE *vs.* CHARLES MARSH.

A testator gave all his property to his wife for life, with power to dispose of the whole, or any part thereof, whether real or personal, at her pleasure, and to manage and improve the same at her discretion; and in case the income should not be sufficient for her complete maintenance, and to enable her to make such other expenditures as she might deem expedient or desirable, then he gave her power to expend so much of the principal as she might elect, and for such purposes as she might deem expedient and desirable. He further gave her power to dispose by will of the whole of the said property, or so much thereof as might remain unexpended at her decease, in such way as she might see fit; but if she should die before him, or if any of the said property should remain unexpended by her at her decease, and not disposed of by her will, he gave it over to third persons. *Held*, that the wife had power to convey in fee a parcel of real estate of which the testator died seised.

BILL IN EQUITY for the specific performance of a contract for the purchase of a lot of land in Boston, made by the defendant with the plaintiff. The plaintiff was the widow of Enoch Hale, who had died seised of the land. The plaintiff had tendered a deed of the land to the defendant, and the only question was whether she had power under the will of her husband to convey the land in fee. The provisions of the will are sufficiently set forth in the opinion. The case was reserved, by *Colt*, J., on the bill and answer, for the determination of the full court.

*R. H. Buck*, for the plaintiff.

*J. D. Ball*, for the defendant.

FOSTER, J. The will of Enoch Hale, subject to a charge for the payment of his debts, gives, devises and bequeaths to his wife Jane all his property and estate, both real and personal, "freely to be possessed, used and enjoyed by her for and during the period of her natural life ; with full and absolute power and authority to sell and dispose of the whole or any part or portion of the same, whether real or personal, at her own pleasure, and to manage, use and improve the same according to her discretion." Then follows a provision that, in case the income and rents of said property and estate "shall not be sufficient to provide for the complete maintenance of my said wife, and to enable her to make such further and other expenditures as she may deem it expedient or desirable to make, then and in such case I

give to my said wife full and absolute power and authority to expend so much and such parts of the principal as she may elect, and for such uses and purposes as she may deem expedient or desirable." Then the testator proceeds to give his wife a full power to dispose by will of the whole of his property and estate, or of so much thereof as may remain unexpended at her decease. Then a devise over is made to certain relatives of the testator, to take effect "if my said wife shall happen to die before me, or if any of my said property and estate shall remain unexpended by her at the time of her decease, and not disposed of by any last will and testament to be made by her after my decease."

The question is, whether this testator's widow may convey in fee simple a portion of his real estate. The court entertain no doubt of her power to do so. The gift is of a life estate, with a full power of disposition, both by deed and will, over the entire property, at the pleasure of the devisee, without limitation or restriction as to the time, mode or purposes of the execution of the power. In such a case, the authorities seem to hold that the life estate and unlimited power of disposition over the remainder coalesce and form an estate in fee, and that the devise over of what may remain is void because inconsistent with the unlimited power of disposition given to the first taker. *Ide* v. *Ide*, 5 Mass. 500. *Stevens* v. *Winship*, 1 Pick. 318, and cases there cited. *Larned* v. *Bridge*, 17 Pick. 339. *Harris* v. *Knapp*, 21 Pick. 412. *Gleason* v. *Fayerweather*, 4 Gray, 348. *Brant* v. *Gelston*, 2 Johns. Cas. 384. *Ramsdell* v. *Ramsdell*, 21 Maine, 288.

For the purposes of the present suit, it is sufficient that the plaintiff in equity clearly has a power to convey the estate in fee simple, and that the defendant's answer admits that the deed which she has executed is in proper form for the purpose, if the power exists. The plaintiff is therefore entitled to a decree in her favor, with costs.