FRANK J. POPE & others vs. JOHN J. SULLIVAN.

Suffolk.   March 8, 1892. — June 23, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Devise — Power to sell Real Estate.*

A testator, by his will, ordered " that the real estate shall not be sold, divided, or disposed of in any way (excepting the income) till F., my youngest son, shall have attained the age of twenty-five years; then, if thought best, the real estate may be disposed of in such a way as my surviving children may judge best." *Held*, that, F. having attained the age of twenty-five years, the heirs of the testator had power to sell the real estate.

LATHROP, J.   The plaintiffs agreed to sell, and the defendant to buy, an estate in that part of Boston formerly Charlestown, numbered 103 High Street; and this is an action at law for breach of the agreement.   The estate in question formerly belonged to Mark Pope, the father of the plaintiffs, who died in 1888, leaving a will, which has been duly admitted to probate; and the parties have agreed that if, by the provisions contained in the will, the plaintiffs acquired the power, right, and authority to sell and convey the estate in question in fee simple, judgment shall be entered for the plaintiffs in the sum of $200; otherwise, for the defendant.

The clauses of the will material to the question presented to us are the following:

" Second.   I give and bequeath the income of the house now occupied by me, No. 103 High Street, in Charlestown District, to my daughters, Ella M. and Cora L., during their single life. If either of them should be married, the unmarried sister shall draw three hundred dollars annually for her support while single.   If both of them should be married, the income shall be divided equally among the surviving children, including the married ones.

" Third.   I order that the real estate shall not be sold, divided, or disposed of in any way (excepting the income) till Fred A. Pope, my youngest son, shall have attained the age of twenty-five years; then, if thought best, the real estate may be disposed of in such a way as my surviving children may judge best. . . .

" Ninth. I hereby order that the husbands of my daughters (should they be married) shall have no claim to the income of my estate or to the estate itself whilst their wives are alive, and that if either of my daughters (so married) should die without children, the property I leave them shall be equally divided among my surviving heirs; and that the wives of my sons (should they be married) shall have no claim either to the income or to the estate, if their husbands should die without children, but the property I leave shall be equally divided among my surviving heirs. The property is to be divided among my surviving heirs if there are no children ; but if there are children, each child shall receive his or her proper share when he or she shall have arrived at twenty-one years of age, with all the income that may have accumulated until that time. Neither the principal nor the interest to be used for them while under age, unless they are left without both their parents."

The plaintiffs are five in number. They are the only heirs of Mark Pope, and are all of full age. Three of them are the sons of Mark Pope, and two of them are his daughters. Two of the sons have issue living. The daughters are unmarried. Fred A. Pope, mentioned in the third clause of the will, attained the age of twenty-five years before the agreement in suit was made.

It is unnecessary in this case to consider the nature of the interest which the plaintiffs take under the ninth clause of the will, as the only question necessary to be decided is whether they had power to sell the real estate. We are of opinion that they had such power under the third clause of the will. *Hale* v. *Marsh*, 100 Mass. 468. The power to sell, in terms, refers to the real estate, and not to the interest of the heirs in it. *Cummings* v. *Shaw*, 108 Mass. 159. According to the agreed facts, the plaintiffs are entitled to judgment in the sum of two hundred dollars.

*Judgment accordingly.*

*S. Davis*, for the plaintiffs.
*H. W. Bragg*, for the defendant.