IRA M. CONANT and EDWARD F. ANDERSON, surviving
trustees under the fifth clause of the will of George W.
Bassett, deceased,

*v.*

FANNIE DOREMUS BASSETT, KATE E. ANDERSON and
FRANCES E. MORRILL.

A testator gave property, which he held by lease for years, to the executors
of his will in trust to manage the same and collect the income thereof, and,
after making designated payments, to divide the net income semi-annually,
share and share alike, between his children, his son G. and his daughters F.
and K., so long as either F. or K. should live.—*Held*, that G. took a vested
right to one-third of the net income of the leasehold property until the sur-
vivor of his sisters shall die, and that, upon his death, that right passed by
his will.

On bill for construction of will, answers, replications and
admission as to facts.

George W. Bassett, of Orange, in this state, died on the 28th
of April, 1887, leaving a will, in and by which, among other
things, he did provide as follows:

"*Fifth.* I give, devise, and bequeath unto Ira M. Conant, of Bridgewater,
Massachusetts, to my son George F. Bassett and to my son-in-law Edward F.
Anderson, and to the survivor of them and to their successors, all my right,
title, interest and leasehold estate in and to four contiguous lots, pieces or
parcels of land, with the appurtenances thereto belonging, and the buildings
thereon erected, situate, lying and being in the city of New York, and known
as numbers Fifty-two and Fifty-four Park Place and Forty-seven and Forty-
nine Barclay Street in said city; being the same premises mentioned and
described in certain leases made to me by 'The Trustees of Columbia College
in the City of New York,' together with all rights to renewals of said leases,
and every right and interest connected therewith, in trust nevertheless to and
for the following purposes:

"I. That they take possession of said property, manage and control the
same, collect and receive the rents and income therefrom, pay taxes, ground
rents, premiums of insurance and all other expenses connected with the man-

Conant *v*. Bassett.

agement of the same; keeping the buildings thereon insured in solvent insurance companies, and rebuilding in case of the destruction of said buildings in whole or in part, using for that purpose any funds which may come to their hands as trustees or otherwise, belonging to my estate; also keeping the said leases renewed, and doing whatever may be necessary in order to preserve and continue the term and rights granted to me by the said leases; and generally to use, manage and control the said property according to their best judgment and discretion, for the interests of my estate, so long as my daughters hereinafter named or either of them shall live.

" II. That the net income derived from said premises (after the payment of the mortgage thereon as hereinafter directed) be divided and distributed semiannually, share and share alike, between my three children, namely: my son George F. Bassett, and my daughters Frances C. Morrill, wife of Benjamin W. Morrill, and Kate E. Anderson, wife of Edward F. Anderson, for and during the continuance of the lives of the said Frances C. Morrill and Kate E. Anderson, and so long as either of them shall be living; and it is my wish, and I will and direct, that my interest in said property be not sold or disposed of until after the death of both of my said daughters.

" III. I direct my trustees (who are also hereinafter constituted my executors) to pay off and discharge, as soon as may be after my decease, the mortgage for Forty thousand Dollars ($40,000) upon my said leasehold property in Barclay Street and Park Place; and for the purpose of paying said mortgage, they are to use any moneys which may be derived from my estate after setting apart and making due provision for the payment of the legacies hereby bequeathed, using for that purpose, if necessary, the net income which may be derived from the said premises. But the payment of the legacies herein bequeathed shall first be made, or the amounts thereof set apart for that purpose before any incumbrance shall be paid off and before any similar expenditure shall be made."

"*Eighth.* All the rest, residue and remainder of my estate and property, both real and personal, of which I may die seized or possessed, I give, devise and bequeath to my three children, Frances C. Morrill, George F. Bassett and Kate E. Anderson, to be divided between them equally, share and share alike; and in case of the previous death of either of them, the issue of my said children or the descendant of any deceased issue shall take the parent's share, and if either or any of my said children shall not be living at my decease, and shall then have no lawful issue them surviving, then the share of such child shall go to my surviving child or children and to the surviving children of any deceased child; the surviving children of the deceased child in every case, taking the share which would have gone to his, her or their parent if living."

"*After* the death of my said daughters, my said trustees or their successors *may*, in their discretion, sell the said leasehold premises above mentioned, and distribute the proceeds thereof as a part of my residuary estate in the manner above directed."

At the testator's death his three children were all living.

Subsequently, on the 21st day of May, 1891, the son, George F. Bassett, of East Orange, died without leaving issue, having made his last will, by which he devised and bequeathed his entire estate to his widow, Fannie Doremus Bassett, and constituted her the sole executrix thereof.

The trustees now ask direction as to whom the share of the net income from the leasehold property, designed for George F. Bassett, becoming payable after his death, shall be paid.

By their respective answers, the defendants, Fannie Doremus Bassett, on the one side, and Kate E. Anderson and Frances C. Morrill, on the other side, claim it.

*Mr. Edward M. Colie,* for the complainants.

*Mr. Frederic W. Ward,* for Fannie Doremus Bassett.

*Mr. Spencer Weart,* for Frances C. Morrill.

*Mr. Francis J. Swayze,* for Kate E. Anderson.

THE CHANCELLOR.

The leasehold interest, from which the income in question springs, is for years and is deemed personal estate. *1 Wms. Ex. 674.* It is observed that the net income is not made payable to a class, generally the testator's children, so that, upon the death of one, the survivors will take (*Crane* v. *Bolles, 4 Dick. Ch. Rep. 373, 384*), but to his three children, *nominatim,* in defined proportions, so as to clearly import distinctness of interest among the objects of the gift. *Hawk. Wills 112 ; Moore's Executors* v. *Trustees of M. E. Church.at Tuckerton, 12 C. E. Gr. 47, 50 ; Post* v. *Rivers, 13 Stew. Eq. 21.* The gift of the portions of the income is not made subject to a condition precedent of any kind, and hence the portions given are absolute and vested. *Hawk. Wills 223.* No provision is made for the disposition of any share in case of the death of its donee during the continuance of the trust, hence the *quantum* of the gift to each donee is

Conant *v.* Bassett.

one-third of the net income, continuing until the death of both the testator's daughters.   The gift of the income does not carry with it the whole or portions of the fund or *corpus* from which it is to arise, because the time of enjoyment is not unlimited, but expressly confined to the period of two lives in being (*Parker's Executors* v. *Moore, 10 C. E. Gr. 228, 234; Hawk. Wills 123*), hence it is neither expressly nor impliedly controlled by any provisions of the will which concern the ultimate disposition of the *corpus.*

I am therefore of opinion that, at the death of George F. Bassett, his right to one-third of the net income, payable periodically, as it shall arise, so long as either of his sisters shall live, vested in him and could be disposed of by him by will, and hence that his widow, who is the executrix of his will and the sole legatee thereunder, will take it.   The complainants will be so directed.

The gift of the income, as I have in substance said, is not so interwoven with the disposition of the *corpus,* from which it springs, as to be at all dependent upon that disposition.   Its bearing upon the disposition of the *corpus* may, however, be a matter for consideration at the proper time.   Particular provision for transmission of the *corpus* is made in the eighth paragraph of the will.   The construction of that paragraph has been argued by counsel, but, as the present emergency does not require a solution of the questions suggested in that argument, and the bill does not ask such solution, and it is obvious, upon perusal of the eighth paragraph, that when the time for the disposition of the *corpus* arrives, parties not now before the court, to be bound by its decision, will be necessary to a complete and beneficial adjudication, I refrain now from any expression of opinion with reference to rights in the *corpus.*   *Traphagen* v. *Levy, 18 Stew. Eq. 448, 451; Bonnell* v. *Bonnell, 2 Dick. Ch. Rep. 540, 543.*