Filed Dec. 19, 1893.

---

No. 16,378.

## WILEY ET AL. *v.* GREGORY ET AL.

WILL.—*Construction of.*—*Devise to Wife.*—*Life Estate With Power of Disposition of Fee.*—Where a provision of a will was: "I give and devise to my beloved wife * * all my property, both real and personal, after paying my just debts, to be and remain hers during her natural life, to use, enjoy and dispose of, as she may desire,'' with a remainder over to the testator's children, such provision vested in the widow a life estate only, with the added power· to dispose of the fee, leaving his children to take under the will such property as was not disposed of by his widow at her death.

From the Posey Circuit Court.

*W. P. Edson* and *J. M. Edson,* for appellants.

*E. M. Spencer, J. W. Spencer, J. R. Brill* and *G. V. Menzies,* for appellees.

COFFEY, J.—In the year 1882 Joseo Gregory, of Posey county, in this State, executed the following will: "I, Joseo Gregory, of the county of Posey and State of Indiana, being of sound mind and disposing memory, do make and publish this my last will and testament.

*First.* I give and devise to my beloved wife, Manisa Gregory, all of my property, both real and personal, after paying my just debts, to be and remain hers during her natural life, to use, enjoy and dispose of as she may desire, and after her death, all that remains undisposed of by her, I desire that the same be equally divided among my children, as follows: Alvis Gregory, John Gregory, Margaret Wiley, and Jane Nelson to share and share alike, and in the event of the death of my said son Alvis Gregory before the death of my said wife, then the share of said property given and devised to him under the terms of this will shall be equally divided between my other three children, John Gregory, Margaret Wiley, and Jane Nelson, or their heirs; and in the event my said wife shall not survive me, after the payment of my just debts, I give and devise all my property, both real and personal, to my beloved children, Alvis Gregory, John Gregory, Margaret Wiley, and Jane Nelson, or their heirs, always provided that if my said son, Alvis Gregory, shall not be living at my death, then all of my said property shall be equally divided between my said children, John Gregory, Margaret Wiley, and Jane Nelson, or their surviving heirs, to share and share alike."

It is contended by the appellants that Manisa Gregory, under the terms of this will, took a fee simple interest in the lands of which her husband, Joseo Gregory, died

Wiley *et al. v.* Gregory *et al.*

seized, while, on the other hand, it is contended by the appellees that she took a life estate only. This is the only question in the case presented for our consideration and decision.

It is earnestly contended by the appellants, with much ability and learning, that by a correct interpretation of the above will, three propositions are established, viz:

*First.* The absolute power of disposition of the property devised, which was given to Manisa Gregory, by the words "to use, enjoy, and dispose of as she may desire," with a limitation over after death of "all that remains undisposed of by her," confers on her the absolute dominion over the same, as fully as if she were the owner of a fee simple estate therein.

*Second.* That the gift to Manisa Gregory of an absolute power of disposition of the property devised, in connection with the other clauses in the will, denoting a general intent of the testator to give a fee simple estate in the same, defeats his special or particular intent to give her a life estate therein.

*Third.* The absolute power of disposition of the property devised, which was given to Manisa Gregory, coalesces with the life estate so devised to her, and constitutes in her a fee simple estate, whereby the limitation over becomes void for repugnancy.

On the other hand, it is contended by the appellees, with equal earnestness, ability and learning:

*First.* That by the terms of this will, Manisa Gregory took a life estate only in the lands of which the testator died seized, coupled with a power of disposition.

*Second.* That the particular life estate expressly given to Manisa Gregory is not enlarged to a fee by the added general power of disposition.

Each of the parties concedes that the purpose of interpreting and construing a will is to ascertain, if possi-

ble, the intention of the testator, and that when such intention is ascertained, it must be given effect, unless it is in violation of some rule of law. It is also conceded that, in the interpretation and construction of wills, we are bound by the well known rules of construction fixed by the law, and approved by the wisdom of ages, as the best mode of ascertaining the intention of the testator. Generally there is but little difficulty in ascertaining the rules, but it is not always easy to apply them in a particular case. Stripped of the general power of disposition vested in Manisa Gregory, the construction of this will is free from difficulty. Considered independently of that power, it vests in her a life estate only in the land owned by the testator at the time of his death, with the remainder over to his children named in the will. The question for consideration and decision, therefore, is this, what effect has the general power of disposition given to Manisa Gregory upon the life estate vested in her by the will?

In support of their contention, that in a case like this the life estate and the general power to dispose of the property coalesce and defeat the remainder over, the appellants seem to rely principally upon the case of *Hale* v. *Marsh*, 100 Mass. 468, and the case of *Van Gorder* v. *Smith*, 99 Ind. 404.

The case of *Hale* v. *Marsh*, *supra*, was criticised, and, we think, justly, in the able opinion in the case of *Burleigh* v. *Clough*, 52 N. H. 267. In the case of *Hale* v. *Marsh*, the will of Enoch Hale vested in his widow, Jane, all his property, both real and personal, "freely to be possessed, used and enjoyed by her for and during the period of her natural life; with full and absolute power and authority to sell and dispose of the whole or any part or portion of the same, whether real or personal, at

her own pleasure, and to manage, use, and improve the same according to her discretion.''

There was a devise over to certain named relatives of the testator of what remained unexpended by the widow, at the time of her death. She sold a lot in the city of Boston, held by her under the terms of the will, to Marsh and tendered to him a deed. Upon his refusal to accept the deed she brought her action for specific performance, and, as stated in the opinion, the only question involved was whether she had power, under the will of her husband, to convey the fee to the lot. This being the only question in the case, it can not be said that it was necessary for the court to determine whether she took a fee in the lot by the terms of the will or whether she took a life estate only, since she possessed the power to convey the fee, at her pleasure, whether her estate was a fee or for life.

We are unable to acknowledge the force of the suggestion made by counsel to the effect that it was necessary to determine whether Mrs. Hale took a fee or a smaller estate, because if she took a fee Marsh would derive his title from her, while, if she conveyed to him simply by virtue of the power contained in the will, he would derive his title from the testator. It was wholly unimportant to Marsh whether his title was derived from the testator or from Mrs. Hale, provided it was perfect.

Whether the title would be perfect or otherwise seems to have been the question presented for the decision of the court. That this case, so far as it adjudicated the question before the court, is sound, we think there can be no doubt; but it does not follow, when it is cited in an opinion, that the court citing it indorsed all that may have been said by way of argument by the judge who wrote it, or that there is any indorsement of anything said, beyond what was necessary to a decision of the case, if anything of that kind is contained in it.

The case of *Van Gorder* v. *Smith, supra,* bears the evidence of having received a much more laborious consideration than the case of *Hale* v. *Marsh, supra,* and we think the conclusion therein reached was unquestionably correct. It is to be observed, however, that the will of William Huddleston, involved in that case, did not attempt to dispose of a remainder. This fact alone undoubtedly exerted great influence in inducing the conclusion reached in the case. In that respect the case differs from the one now under consideration.

We think the true rule applicable to cases of the class to which this belongs, is as follows: If an estate be given to a person *generally* or *indefinitely,* with a power of disposition, it carries a fee, unless the testator gives to the first taker an estate for life only, and annexes to it a power of disposition of the reversion. In that case the express limitation for life will control the operation of the power and prevent it from enlarging the estate to a fee.

So, too, in the case of *Jackson* v. *Robins,* 16 Johns. 537, Chancellor Kent said: "We may lay it down as an incontrovertible rule that where an estate is given to a person *generally* or *indefinitely,* with a power of disposition, it carries a fee, and the only exception to the rule is where the testator gives to the first taker an estate for life *only,* by certain and express words, and annexes to it a power of disposal. In that particular and special case the devisee for life will not take an estate in fee, notwithstanding the distinct and naked gift of a power of disposition of the reversion. This distinction is carefully marked and settled in the cases."

It seems to be well settled, by numerous authorities, that where a particular estate is expressly devised, a contrary intent is not to be implied by subsequent words, and that an express life estate can not generally be en-

larged by implication, but it must be done by express words.

In the case of *Burleigh* v. *Clough, supra,* the following is quoted with approval: "There are two cases that are express authorities that the wife, in the principal case, has but an estate for life, with a power to dispose of the fee; and these two cases do make this very difference, viz: Where lands are devised to one generally, and to be at his disposal, this is a fee in the devisee; but where lands are devised to one expressly for life, and afterwards to be at the devisee's disposal, only an estate for life passes to the devisee, with a bare power to dispose of the fee; for that (as it is said) words by implication shall not merge or destroy an express estate for life."

It would seem that an express devise of an estate for life negatives the intention to give the absolute property and converts a superadded right of disposition into a mere power.

Thus, in the case of *Dunning* v. *Vandusen,* 47 Ind. 423, this court quoted with approval from the case of *Denson* v. *Mitchell,* 26 Ala. 360, the following: "The authorities, both English and American, seem generally to agree in the position that an express estate for life, given by will, negatives the intention to give the absolute property, and converts words confirming a right of disposition into words of mere power."

It may be said, generally, of the authorities cited by counsel, in their able briefs in these cases, namely: *Van Gorder* v. *Smith, supra; Dunning* v. *Vandusen, supra; Goudie* v. *Johnson,* 109 Ind. 427; *Wood* v. *Robertson,* 113 Ind. 323; *John* v. *Bradbury, Admr.,* 97 Ind. 263; *South* v. *South,* 91 Ind. 221; *Clark* v. *Middlesworth,* 82 Ind. 240; *Downie* v. *Buennagel,* 94 Ind. 228; *Jenkins* v. *Compton,* 123 Ind. 117; *Robertson* v. *Robertson,* 120

Wiley *et al.* v. Gregory *et al.*

Ind. 333; *Rapp* v. *Matthias*, 35 Ind. 332, and *Waugh* v. *Riley*, 68 Ind. 482, that there is no irreconcilable conflict in them.

We·think, too, in the light of some of these cases, we are warranted in saying that where a testator, in his will, creates what purports to be a life estate, and devises a remainder to another, the devise of the remainder is of controlling influence in ascertaining his intention. It is not to be supposed that a man engaged in the solemn duty of settling his wordly affairs, by will, in view of approaching dissolution, where it is his duty to remember the natural objects of his bounty, will be guilty of the mockery of devising to one that which he has already intentionally devised to another, unless such an intent is expressed in such terms as to leave no doubt.

In the will before us, Joseo Gregory expressly limits the estate devised to his wife to an estate for life only, and, in addition, disposes of the fee in his lands to his children, the natural objects of his bounty. To hold that by conferring on his wife an unlimited power to dispose of the fee, he vested the fee-simple to his lands in her, is to hold that he did a thing which he evidently did not intend to do; while, on the other hand, to hold that the will vests in the widow a life estate only, with the added power to dispose of the fee, leaving his children to take, under the will, such property as was not disposed of by the first taker, we make the will conform to what was the evident intention of the testator. After a careful consideration of all the provisions of the will before us, we have reached the conclusion that Manisa Gregory took a life estate only in the lands of which her husband died seized.

Judgment affirmed.

Filed Nov. 28, 1893.