ELSIE M. FOLWELL

*v.*

THOMAS G. FOLWELL.

[Filed November 13th, 1903.]

Under section 1 of the act concerning wills (*Gen. Stat. p. 3757*), providing that estates *per autre vie* shall be devisable, failing which they should go to the personal representatives, to be distributed the same as personalty, such an estate belonging to a married woman who dies before the *cestui que vie*, passes by her will as realty, free from any claim of the husband thereto as personalty by virtue of his *jure mariti*.

---

On bill, answer, replication and proofs.

---

Folwell *v.* Folwell.

---

*Mr. Norman Grey,* for the complainant.

*Mr. John F. Harned,* for the defendant.

REED, V. C.

The single question presented in this case is whether Thomas G. Folwell has any, and if any, what, interest in certain real estate in the city of Camden, New Jersey.

The facts are these:  By the will of Robert Folwell, a life interest in the property in question was devised to his son, Thomas G. Folwell.

On January 20th, 1880, Thomas G. Folwell granted and conveyed to his wife, Susan M. Folwell, all his right, title and interest in the estate so devised to him.  The deed was made by Folwell directly to his wife, and so was invalid in law, but good in equity.

Susan M. Folwell died on October 11th, 1902.  She left a will containing the following clause:

"I give, devise and bequeath unto my daughter. Elsie Maynard Folwell, subject to the. legal right of my husband Thomas G. Folwell, should he survive, all the rest, residue and remainder of my estate, absolutely."

The property in question fell into the residuum of Susan's estate.

Thomas G. Folwell, her husband, still lives.  What legal right has he in this property?

The estate of Susan, it is perceived, was for. the life of her husband.  It not being an estate of inheritance, it is plain that he has no estate by the curtesy in it.

It is, however, insisted, on behalf of Thomas G. Folwell, the husband, that the remnant of the estate, after the death of Susan, was personalty, and that Thomas G. Folwell is entitled to it *jure mariti,* she having in her will reserved to him his legal rights in the property. · This insistence rests upon the assumption, therefore, that the property devised or bequeathed to her daughter is to be regarded as personalty.

Folwell *v.* Folwell.

Susan M. Folwell owned an estate *per autre vie,* she being the tenant and her husband the *cestui que vie.* At her death, by the doctrine of the common law, the property would have been left open, without anyone having a legal right to it; neither the reversioner, because the previous estate had not expired; nor the heir of the tenant, for the estate was not one of inheritance; nor the executor of the tenant, because it was a freehold, and not a chattel, interest. Nor by the common law was the estate devisable. The consequence was that anyone who first chose to take possession might do so, and was called a general occupant. *2 Bl. Com. 255; 1 Washb. Real Prop. 93.* This curious lawless condition of an estate for the life of another, after the death of the tenant, the other still surviving, was abolished by the twelfth paragraph of the statute of frauds. *29 Charles II.* This paragraph provided that any estate *per autre vie* shall be devisable by a will, in writing, signed by the party so devising the same or by some other person in his presence and by his express directions, attested and subscribed in the presence of the devisor by three or more witnesses; and it provides that if no devise shall be made, and there be no special occupant, it shall go to the executors or administrators of the party that had the estate thereof by virtue of the grant, and shall be assets in their hands.

The power to devise estates *per autre vie* was declared in this state, in Judge Paterson's act concerning wills, contained in *Pat. L. p. 189.* The section containing this power still appears as the first section of the act concerning wills, and is a modification of the twelfth paragraph of the statute of frauds, and provides that such estate shall be devisable by will, in writing, signed and published by the party so devising the same, in the presence of three subscribing witnesses, and proved and recorded, &c. It then provides that if no such devise thereof be made, the same, or so much thereof as shall not be so devised, shall go to the executors or administrators of the party who had the estate therein, by virtue of the grant, and shall be assets in their hands and shall be applied and distributed in the same manner as the personal estate of the testator or intestate. The

method of executing the will was modified by the act of 1851, applying to all wills thereafter made.

This interest, therefore, passed to the complainant, Elsie M. Folwell, the daughter of Susan M. Folwell, under the devise contained in the will of the mother. The character of the estate, as well as the language of the paragraph making it devisable, clearly shows that it passed as real estate, but an estate in which the husband of the tenant has no interest whatever.

There must be a decree for the complainant in accordance with the prayer of the bill.