The bill is filed by complainant as substituted administratorcum testamento annexo, and trustee, under the will of Amos Clark, deceased, praying for construction of the will and directions.
The will gives the trustee a trust fund (originally real estate, sold by the trustee under power of sale in the will). with directions to apply the net income
"to the use of my four sons, Alfred H., Samuel, Arthur, Sigourney F., and Abraham Lincoln Clark, so long as the said Sigourney F. and Abraham Lincoln Clark shall live; and upon the death of the survivor of the said Sigourney F. and Abraham Lincoln Clark I do give and devise [the principal] as follows: An equal undivided fourth part thereof to the said Alfred H. Clark, his heirs and assigns forever; another equal undivided fourth part thereof to the said Samuel Arthur Clark his heirs and assigns forever; another equal undivided fourth part thereof to such person or persons living at the death of such survivor as under the present laws of the State of New York would take the same as the heirs at law of the said Sigourney F. Clark if the same were real estate of which he died seized and possessed and he had died intestate in respect thereto, their heirs and *Page 551 
assigns forever; and the remaining equal undivided fourth part thereof to such person or persons living at the death of such survivor as under the present laws of the State of New York would take the same as the heirs at law of the said Abraham Lincoln Clark if the same were real estate of which he died seized and possessed and he had died intestate in respect thereto, their heirs and assigns forever."
Testator left him surviving six children, a son William and a daughter Elizabeth, in addition to the four already named.
There is a residuary clause to all six children in equal shares. All William's share in the estate has been assigned to the other five children.
Abraham L. died in 1921 and Alfred H. has recently died. The other three children are still living.
The question is as to what disposition shall be made by the trustee of the income from the trust fund mentioned.
The words of the will dispose of the income for only as long as Sigourney and Abraham shall live; the corpus is not disposed of until the survivor of them shall die. Termination has already come to their joint lives, but the time for distrbuting the corpus has not arrived. Testator has made no express disposition of the income during the intermediate period, unless by the residuary clause.
Looking at the will as a whole, we find, first, a trust of $10,000 in favor of a sister, a niece and grandchildren; next, the trust fund now in question; next, a direct devise of income-producing property to the son William; a direct devise of income-producing property to the daughter for life and her daughter; a trust of income-producing property for the benefit of the son Sigourney for his life, then to Sigourney's wife for life, and to his lineal descendants; then follows the residuary clause, and the appointment of all the children except
Sigourney and Abraham, as executors and trustees; closing with a clause revoking all gifts to any who might contest the will.
The values of the several gifts are not in evidence, but it is clear that they must have been quite substantial. The trust for the four sons comprised eight houses and lands at *Page 552 
Greenburgh, New York. The will was executed in 1908, and all six children were then of approximate middle-age, their ages varying by intervals of two to two and a half years.
Complainant's counsel attaches some significance to the fact that Lincoln and Sigourney were the youngest of the children. It is true that, mathematically speaking, their expectation of life would be the longest, but as to any individual or small group of individuals this can in nowise be relied upon, and I am unable to believe that testator planned his will upon the belief that he could reasonably expect them to be the last survivors of the four beneficiaries of the trust fund.
It is clear, however, from the fact that they are the only children he omits from the trusteeship, and the fact that he provides in the trust fund clause that they shall receive only income — no principal — that he had less confidence in their business judgment and experience than that of the others. His intent is clear to provide a substantial income for each of those two during the whole of their respective lives, amounting to at least a one-fourth share of the income from the devised property. This purpose would have failed in the event that either Lincoln or Sigourney had been the first of the four to die, if the word "and" in the phrase "so long as the said Sigourney F. and Abraham Lincoln Clark shall live," is construed literally, for this would result in the income passing (under the residuary clause) to thefive children, as long as the survivor of Sigourney and Abraham should live, and he had already elsewhere in the will completely provided for William and Elizabeth. It is evident that such was not his intent, and the word "and" is to be read as "or," in order to effectuate his clear purpose and meaning. Zabriskie v.Huyler, 62 N.J. Eq. 697 (at p. 700); 40 Cyc. 1405; Cf. alsoBrown v. Mugway, 15 N.J. Law 330 (at p. 331, bottom);Holcomb v. Lake, 25 N.J. Law 605.
The gift of income, then, notwithstanding the death of Abraham L., continues until the death of Sigourney. But to whom should now be paid the shares of income received by Abraham and Alfred? Does the will give the income to the four sons jointly or severally? *Page 553 
"The rule is that a gift by will to individuals described by name, though they may constitute a class, indicates the testator's intention to give to them only as individuals" (if no contrary intention appear elsewhere in the will). Dildine v.Dildine, 32 N.J. Eq. 78 (at p. 80); Pennsylvania Co. v.Riley, 89 N.J. Eq. 252 (at p. 255). The gift here is to the four by name, and they do not constitute a class — at least, there is no evidence thereof. I am unable to find from the will an intention by the testator that they should take jointly rather than as individuals. Moreover, the statute (now section 15 of the Conveyance act) makes express words necessary to create joint tenancy in lands. The gift here is not a devise of a legal estate in lands, but it is of an equitable estate in lands, an equitable estate pur autre vie (for the gift is of the entire net income, not a mere part in the discretion of the trustee. McGill v.Trust Co. of New Jersey, 94 N.J. Eq. 65; affirmed, 96 N.J. Eq. 331.
Equitable estates are, in a court of equity, subject to the same incidents and consequences as similar legal estates in a court of law. Beideman v. Sparks, 61 N.J. Eq. 226 (at p.231). Hence, though the statute mentioned may not strictly apply to an equitable estate, it designates a public policy which this court will apply by analogy.
It is true that the will gives the trustees a power of sale, and that that power has been exercised. But the will specifically provides in the same third clause, that the proceeds of sale shall be held on the same trusts as the lands, so that it matters not in the present case whether the rules of construction as to personal property might differ from those hereinbefore considered.
The result is that the four brothers took their interests in severally, and the surviving brothers are not entitled to the shares of the two deceased brothers. The will does not specify the shares of each, but, on the principle that equality is equity, each must be held to have been entitled to a one-fourth share, and that seems to have been recognized and acted on by all parties. *Page 554 
The conversion under the power of sale took place prior to the deaths of Alfred and Abraham. Their respective interests will pass to their personal representatives. A legal estate pur autrevie in lands was not an estate of inheritance, but was an estate of freehold and devisable. Under section 1 of the Wills act, if not devised, it would go to the executor or administrator and be distributed as personal estate. Alfred died testate; his share will go to his executor and trustee, to be distributed according to his will. Abraham died intestate; his share will go to his administratrix (his widow) for the benefit of herself and the son as next of kin.