GRAHAM v. SINCLAIR.

[No. 12,297. Filed April 30, 1925.]

1. HUSBAND AND WIFE.—*Deed to husband and wife creates estate by entireties.*—A deed to a husband and wife creates an estate by entireties. p. 60.

2. HUSBAND AND WIFE.—*Divorce terminates estate by entireties and converts it into tenancy in common.*—Divorce of husband and wife holding estate by entireties converts the estate into a tenancy in common. p. 60.

3. HUSBAND AND WIFE.—*Divorce of persons holding life estate as tenants by entireties converts such estate into tenancy in common lasting so long as they both live and during the life of the survivor.*—Where a husband and wife who were tenants by entireties of a life estate were divorced, they became tenants in common of such estate, each owning an undivided half thereof so long as they both lived and during the life of the survivor. p. 60.

4. HUSBAND AND WIFE.—*Heirs of deceased divorced husband have no present right to partition lands in which the husband and wife owned a life estate as tenants by entireties.*—Where a husband and wife who were tenants by entireties of an estate for the lives of both were divorced, they became tenants in common of such estate, each owning an undivided half so long as they both lived and for the life of the survivor, but an estate for the life of another not being an estate of inheritance, on the husband's death, no present right descended to his heirs entitling them to partition against the wife. p. 60.

From Sullivan Circuit Court; *Charles D. Hunt,* Special Judge.

Action by John T. Sinclair and others against Cora V. Graham. From a judgment for plaintiffs, the defendant appeals. *Reversed.* By the court in banc.

*Will H. Hays, Hinckle C. Hays, Alonzo C. Owens, W. Paul Stratton, John S. Taylor, William H. Bridwell* and *George W. Buff,* for appellant.

*A. G. McNabb,* for appellees.

NICHOLS, J.—Action by appellees for partition of real estate. There was judgment in their favor from which this appeal. The error presented that we need to consider is that the court erred in each of its conclusions of law. It appears by the special finding of facts that Austin Sinclair, and appellant were duly married February 28, 1905, and lived together as husband and wife until in September, 1921.

At and before their marriage, said Sinclair was the owner of the real estate here involved.

On June 18, 1907, he and appellant joined in a deed conveying the real estate to one Schroeder, trustee, the same to be reconveyed to the said Sinclair and his wife, which deed contains the following clause:

"This trustee is created for the purpose of reconveying the above described real estate to Austin Sinclair and Cora V. Sinclair, husband and wife, during the life or period of their natural lives and after the death of the survivor to the children of said Austin Sinclair."

Pursuant to said trust, the said Schroeder did, on June 18, 1907, convey to the said Sinclairs, as husband and wife, said real estate, which said deed contains the following clause:

"This conveyance is made to Austin Sinclair and Cora Sinclair, husband and wife, to have and to hold for and during the term and period of their natural lives and the term and period of the natural life of the survivor of them, and at the death of the survivor of them, then in fee simple to the children of Austin Sinclair."

At the September term, 1921, of the Sullivan Circuit Court, appellant filed an action for divorce and alimony against Sinclair. But he, upon cross-complaint filed in

said cause, obtained a divorce from appellant without alimony to her.

Sinclair died testate in Sullivan county, Indiana, August 2, 1922, at the age of eighty-five years, unmarried.

Appellees herein are the children of the said Sinclair by a former marriage. No children were born to him and appellant. She is now sixty-one years of age.

As conclusions of law upon the facts, the court stated: (1) That appellees are the owners as tenants in common of said real estate subject to the life estate of appellant in an undivided one-half thereof; and (2) that they are entitled to partition thereof as prayed for in their complaint,

Appellant disposes of much of appellees' argument, and of our consideration of the same, by frankly conceding that there is no question as to the character of the tenancy created in Sinclair and his wife, appellant herein, by the deed from the trustee to them, and that they held a life estate as tenants by entirety until the divorce proceedings, by virtue of which the law made them tenants in common of the same interest in said real estate.

It is the law that the estate created by the deed to Sinclair and appellant was a life estate by entireties. Appellant's rights must be determined by the law governing such estates. She concedes that, by the divorce proceedings, they became tenants in common. But tenants in common of what? As we analyze this situation, it is as follows: The husband and wife were tenants by entirety of an estate lasting so long as the survivor lived. Then, by the divorce proceedings, they became tenants in common of such estate in the land lasting so long as the survivor lived. The husband owned the undivided one-half of such estate, lasting so long as the wife, as the survivor, lived, and the wife owned the other undivided one-half there-

of.   The husband died the owner of his undivided half aforesaid, but such an estate, being an estate *pur autrie vie,* is not an estate of inheritance and, therefore, did not descend to his heirs, appellees herein, even though no disposition was made thereof by his will, as to which we are not informed.   *Folwell* v. *Folwell* (1903), 65 N. J. Eq. 526, 56 Atl. 117.   As to the disposition of such estates, see *Harned's Estate* (1912), 54 Pa. Super. Ct. 47.   We hold, therefore, that appellees had no present right, possessory or otherwise, that entitled them to partition.   The judgment is reversed, with instruction to the court to restate his conclusions of law in harmony with this opinion and to render judgment accordingly.