GRAHAM *v*. SINCLAIR ET AL.

[No. 13,414.   Filed April 5, 1929.]

*Martin L. Pigg,* for appellant.
*Lindley & Bedwell,* for appellees.

NICHOLS, J.—Action by appellant against appellees to quiet title to real estate consisting of coal, oil, gas and other minerals and mining rights in Sullivan county, Indiana.

There was a general finding for appellees and a judgment for appellees and against appellant that appellant take nothing, from which, after appellant's motion for a new trial was overruled, this appeal, appellant assigning as error that the court erred in overruling her motion for a new trial, the reasons therefor being the insufficiency of the evidence to sustain the decision of the court, and that the decision is contrary to law.

The transactions out of which this action grew were before this court in *Graham* v. *Sinclair* (1925), 83 Ind. App. 58, 147 N. E. 634, and the facts, so far as involved in that case, were there stated. It was there conceded by appellant and held by the court that a life estate in the real estate involved being conveyed to appellant and her husband during their marriage, they held it as tenants by entirety, and, after their divorce, as tenants in common. We need give, therefore, no further consideration to appellant's contention that she and her husband held as joint tenants; that such an estate was unaffected by the divorce; and that, at the death of her divorced husband, she owned the entire estate in the coal, oil, gas and other minerals under the land which is here involved. In the deed to appellant and her husband, the following agreement, not involved in the

former action, appears: "It is further agreed and understood that the above grantees, Austin Sinclair and Cora Sinclair, shall have the right to sell, lease or dispose of the coal, oil, gas and other minerals underlying said real estate at any time during the existence of the life estate therein of said grantees or either of them."

It further appears in this action that Austin Sinclair, appellant's former husband, died testate, and that, by the terms of his will, appellees, his children by a former marriage, are his residuary devisees and legatees of his estate, real and personal, wherever the same may be situated. It is clear that the deed in question created a life estate in Austin Sinclair and Cora Sinclair, now appellant Graham, in the described real estate, and that, during the period of such life estate, there was only a power to sell, lease or dispose of the coal, oil, gas and other minerals, and that such power to sell did not create a fee simple title in the coal, oil, gas and other minerals, and that such a fee simple title did not pass to appellant as survivor upon the death of Sinclair.

The only estate intended to be created by the deed was a life estate in the Sinclairs, who were then husband and wife and were so described. No different estate or right was created in the coal or other minerals, except the life tenants were granted the power to sell and dispose of the same. The existence of a power of disposition does not in itself vest any estate in the donee. The power of disposition is not an estate and does not imply ownership of an estate, nor does it enlarge a life estate into a fee. *Beatson v. Bowers* (1910), 174 Ind. 601, 91 N. E. 922; *People v. Kaiser* (1922), 306 Ill. 313, 137 N. E. 826; *Wiley v. Gregory* (1893), 135 Ind. 647, 654, 35 N. E. 507; *Foudray v. Foudray* (1909), 44 Ind. App. 444, 89 N. E. 499.

The sole theory of appellant's action is that she is the absolute owner in fee simple of such coal, oil, gas and

other minerals, and that, therefore, she has a right to quiet her title thereto. If permitted so to do, upon her death, appellees would have no interest therein, and title thereto would pass to appellant's heirs. In this contention, she cannot prevail. Her rights as survivor in the exercise of the power of sale of the coal, oil, gas or other minerals are not involved in this appeal, and we decide nothing with reference thereto.

Judgment affirmed.