18 N.J. Super. 300 (1952)
86 A.2d 806
EMMA L. STOFFELS, SUBSTITUTED TRUSTEE UNDER THE WILL OF PETER GEORGE STOFFELS, DECEASED, PLAINTIFF,
v.
ANNA STOFFELS, MILDRED E. STOFFELS, LOUIS W. STOFFELS, ALICE E. STOFFELS, CHARLES J. STOFFELS, CHRISTINA TAYLOR, MARIA S. CANAN, MARTHA FANSLAU, HELEN BROWN, CATHERINE BYRNES, JOHN NACY, CATHERINE WILBERHAM, GEORGE STOFFELS, THOMAS STOFFELS AND DOROTHY STOFFELS, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided February 18, 1952.
*302 Mr. Burton D. Zehner, attorney for the plaintiff.
Mr. John M. Summerill, Jr., attorney for the defendant Anna Stoffels.
Mr. Alan L. Skinner, attorney for the defendants, Elizabeth T. Stoffels, as guardian ad litem of George Stoffels, Thomas Stoffels and Dorothy Stoffels.
Mr. Joseph Narrow, attorney for the defendants Mildred E. Stoffels, individually and as guardian ad litem for Louis W. Stoffels, Alice E. Stoffels and Charles J. Stoffels, minors.
HANEMAN, J.S.C.
Plaintiff herein has filed a complaint seeking the construction of the will of Peter George Stoffels.
*303 The said Peter George Stoffels died on November 24, 1940, leaving a last will and testament, under and by the terms of which, having first directed the payment of his debts, etc., he, by paragraphs Second to Ninth, inclusive, left $1 to each of his children except a daughter, Anna Stoffels, and a son, Louis A. Stoffels.
By paragraph Tenth of his said will he provided as follows:
"All the rest, residue and remainder of my estate, whether real, personal or mixed, I give, bequeath and devise to my executor hereinafter named for the uses and purposes hereinafter set forth:
(a) He to manage and operate my farm and do all things necessary for the proper management thereof which in his discretion he deems advisable for the good thereof:
(b) To pay one half of the net income thereof to my wife, Augusta Stoffels, during the term of her natural life:
(c) To use so much of the income thereof as shall remain for the benefit and maintenance of my daughter Anna Stoffels for her comfort and necessities such as she has been accustomed to in my home, or as the circumstances may permit or warrant:
(d) Any balance of net income that may remain I direct that my executor hereinafter named have the same for his own use and benefit:
(e) Upon the death of my wife Augusta Stoffels, I direct that the one half of the net income from my said estate be divided equally between my daughter Anna Stoffels and my son Louis A. Stoffels.
(f) If my daughter Anna Stoffels should predecease my son Louis A. Stoffels, then the share of the net income that she would be entitled to under this will, if living, be paid to my son Louis A. Stoffels:
(g) If my son Louis A. Stoffels should predecease either my wife Augusta Stoffels or my daughter Anna Stoffels, then I direct that his personal representative, entitled by law, or by his will to administer his estate, shall carry out the trust herein imposed, in the same manner as though my son Louis A. Stoffels had survived my wife and my daughter Anna Stoffels:
(h) Upon the death of my wife, Augusta Stoffels, and my daughter Anna Stoffels, then I give, bequeath and devise my entire estate then remaining, in fee to my son Louis A. Stoffels if he survive them, and in the event that my son Louis A. Stoffels should not survive them, then I give and bequeath my entire estate then remaining to the children of Louis A. Stoffels surviving him.
Lastly:  I nominate and appoint my son Louis A. Stoffels to be the Executor of this, my last will and testament, hereby revoking any and all wills by me made at any time heretofore and declaring this to be and contain my Last Will and Testament."
*304 The testator's wife, Augusta Stoffels, died on January 9, 1938. Louis A. Stoffels, a son of testator, died on January 22, 1951, leaving a will, under and by virtue of the terms of which he named his widow, Emma L. Stoffels, as his executrix. Said Emma L. Stoffels has qualified as such executrix.
The particular question which has given rise to the filing of this complaint results from the inability of the plaintiff to determine to whom the income payable to Louis A. Stoffels during his lifetime should now be paid.
The respective contentions of the several parties, in this connection, are as follows:
The children and grandchildren of Peter George Stoffels, with the exception of the daughter Anna, contend that upon the death of Louis A. Stoffels a partial intestacy resulted and that the income directed by the testator to be paid to him, since such direction was contained in the residuary clause of the will, should vest in them.
Anna Stoffels contends that she is entitled to three-quarters of the income.
Emma L. Stoffels contends that Anna Stoffels is entitled to one-quarter of the income, and in addition, so much of one-half of the income as may be required for her "benefit and maintenance * * * for her comfort and necessities such as she has been accustomed to in my home," and that the balance of said one-half of said income as is not required for this purpose, together with the remaining one-quarter of the income, should be paid to her, Emma L. Stoffels.
In order for the children and grandchildren of Peter George Stoffels, except Anna, to succeed, it must be upon the theory that there exists surplus income not otherwise disposed of by the will, and that as to such surplus income the testator died intestate.
Generally, in the event that the corpus of a testamentary trust produces surplus income for which no provision has been made directing either its distribution or accumulation, such income will be accumulated and be distributable *305 as a part of the corpus at the termination of the trust among those who are entitled under the will to a share in such corpus. The effect of the failure of the testator to make any specific disposition thereof would not produce an intestacy. Bye v. Strasbourg, 102 N.J. Eq. 300 (E. & A. 1927); The New York Trust Co. v. Murray, 120 N.J. Eq. 494 (Ch. 1936); Sandford v. Blake, 45 N.J. Eq. 247 (E. & A. 1889); Schumacher v. Howard Savings Institution, 128 N.J. Eq. 56 (Ch. 1940).
There may, however, be circumstances present in a given case which would result in an intestacy insofar as such surplus is concerned. The question of whether such surplus be immediately distributable or should be accumulated and held until the principal is distributable, in the absence of any indication in the will itself, has been held to depend upon the circumstances from which the intention of the testator may be inferred. Swetland v. Swetland, 100 N.J. Eq. 196 (Ch. 1926), affirmed 102 N.J. Eq. 294 (E. & A. 1927).
It is, of course, academic, that in attempting to construe a will it is necessary to ascertain the intent of the testator, and that to do so the will must be read from its four corners. It is also a presumption that the testator did not intend to die intestate as to any of his property. Citation of authority for these principles is unnecessary and would be redundant.
It is to be noted that Louis A. Stoffels was obliged, under the terms of the will, not only to act as executor and trustee, but to actually manage and operate the farm, which was one of the items devised. It is also to be noted that in the first instance the testator bequeathed to his wife one-half of the income of the corpus, and to his daughter Anna Stoffels an amount not to exceed the remaining one-half of the income, with whatever sum might remain out of this latter one-half, after providing for her maintenance, to his son Louis A. Stoffels. Upon the death of Augusta Stoffels the one-half to which she was entitled was to be divided between *306 his daughter Anna Stoffels and his son Louis A. Stoffels. In the event Anna Stoffels predeceased Louis A. Stoffels, he was to receive the full amount for which provision had been made for her. The will further provided that in the event Louis A. Stoffels should predecease either Augusta Stoffels or Anna Stoffels, his personal representative should not only administer his estate, but carry out the trust imposed by said will, which of necessity would have included the operation and management of the farm.
It is admitted by all counsel that the trust will continue until the death of both Augusta Stoffels and Anna Stoffels. It is as well noteworthy that although testator made provision for the distribution of the income in the event of the death of Augusta Stoffels or Anna Stoffels, and provided for a substituted trustee in the event that the said Louis A. Stoffels predeceased his mother and sister, no provision was made for any alternative or substitutionary distribution of the income to which Louis A. Stoffels was entitled during his lifetime.
It is here held that considering the will of Peter George Stoffels in the light of basic canons of construction, it was his intention to create an equitable estate pur autre vie in Louis A. Stoffels, to be measured by the lifetimes of Augusta Stoffels and Anna Stoffels. Such equitable estate is, for present purposes, subject to the same incidents and consequences as legal estates in a court of law. Elizabeth Trust Co. v. Clark, 96 N.J. Eq. 550 (Ch. 1924); In re Follet, 50 A. 848 (Sup.Ct.R.I. 1901).
An estate pur autre vie is vested in the life tenant, and although not an estate in inheritance, is subject to disposition by the will of the life tenant. Elizabeth Trust Co. v. Clark, supra; Folwell v. Folwell, 65 N.J. Eq. 526 (Ch. 1903); Conant v. Bassett, 52 N.J. Eq. 12 (Ch. 1893); R.S. 3:2-1.
The testator has signified the disposition of that portion of the income distributable to Louis A. Stoffels upon his death, and there is no surplus upon his death. The claim *307 of the children of Peter George Stoffels, except Anna Stoffels, therefore fails.
In view of the fact, therefore, that it was testator's intention to vest the said Louis A. Stoffels indefeasibly with an estate pur autre vie, this estate continues during the lifetime of Anna Stoffels, the surviving cestui que trust, and the income is therefore to be paid to his personal representative. In re Follet, supra; also Lockwood v. Clarke, 136 N.J. Eq. 195 (Ch. 1945); Elizabeth Trust Co. v. Clark, supra; R.S. 3:2-1.
The plaintiff is therefore directed to pay one-quarter of the income of the trust estate to Anna Stoffels, and so much of one-half as may be required under paragraph Tenth, section (c) of the will, and to pay to herself as executrix of the estate of Louis A. Stoffels one-quarter of the income thereof, and whatever balance may be left of the one-half as may not be paid to Anna Stoffels under paragraph Tenth, section (c) of the will.
Judgment will be entered accordingly.