This is a second application by petitioners, executors and trustees under the will of Henry Kohl, deceased, for a further construction thereof and for additional instructions. The facts have been stipulated.
Henry Kohl died on March 10th, 1937. In his will, an elaborate and carefully drawn document, the testator provided for certain payments to be made to his wife, Lavenia B. Kohl, his daughter, Louise Mazzola Kohl, and the issue of his daughter, if any, under varying conditions, with the ultimate disposition of the residue to the daughter's issue and in default thereof, to certain named corporate beneficiaries.
The daughter is now of age and married, and is known as Louise K. Nelson. On January 9th, 1947, there was born to Mrs. Nelson a daughter, Lavenia Yale Nelson. *Page 297 
In their first application to this court for a construction of Henry Kohl's will and for instructions, the fiduciaries wanted to know whether the yearly payments provided for in the testator's will for his wife, daughter, and the issue of the daughter, if any, were payable at all events, out of income if sufficient, and if not, out of corpus, or whether the prescribed payments were limited to net income; and in the event it should be determined that such payments were limited to income, whether the income tax thereon should be paid by the fiduciaries or the recipients of such income.
The income tax law in force at that time, as construed by the United States Supreme Court in the case of Burnet v.Whitehouse (1931), 283 U.S. 148; 75 L.Ed. 916, and51 Sup. Ct. 374, provided that an annuity given by will, which was a charge upon the corpus as well as the income of an estate, was, although paid out of the income of the estate, not taxable to the annuitant as income.
With respect to payments of income to beneficiaries, payable solely out of income, the law was then as it is now — the money so paid to a beneficiary was and is taxable to such beneficiary as income. Irwin v. Gavit, 268 U.S. 161; 69 L.Ed. 897;45 Sup. Ct. 475.
A study of the will on the earlier application satisfied the court that the primary and dominant intention of the testator was the care, protection and comfort of his loved ones, his wife and then infant daughter. There was no difficulty whatsoever in reaching the conclusion that the payments required to be made under the will to the testator's wife and daughter and the issue of the daughter, if any, were annuities, payable at all events, regardless of the sufficiency or insufficiency of income, and that they constituted a charge upon the whole estate.
This conclusion made it unnecessary for the court to decide (had the court determined that such payments were payable solely out of income), whether the income tax thereon would have been payable by the fiduciaries of the beneficiaries. However in the light of the language of the will and the intention of the testator as expressed therein, had it been necessary to decide that question the court could only have determined *Page 298 
that it would have been the obligation of the fiduciaries to absorb and pay such tax.
The opinion of this court on the first application is reported in 131 N.J. Eq. 233; 24 Atl. Rep. 2d 809, and more fully details the reasons for the court's earlier conclusions.
On October 21st, 1942, the Revenue Act was amended. It is now provided that annuity income distributable to beneficiaries is to be deducted by the fiduciaries in determining their taxable income, and is to be included by the beneficiaries in determining their taxable income. This amendment was made applicable to income of fiduciaries distributed by them to beneficiaries on or after the first day of the first taxable year of such fiduciaries beginning after December 31st, 1941.
The administration of Henry Kohl's estate passed from his executors to his trustees on December 10th, 1942.
In filing their fiduciary income tax return for the period ended December 10th, 1942, the executors deducted from their gross taxable income the amounts of income distributed by them to the annuitants. And likewise, since undertaking the administration of the trust, the fiduciaries, in their capacity as trustees, have each year in their fiduciary returns deducted from their gross income the amounts of income they have distributed to the annuitants.
This change in the income tax law, and the operations of the fiduciaries thereunder, which have been challenged by the annuitants, has precipitated the present application for additional instructions.
The present request for additional instructions follows:
"1. That this court construe the will of Henry Kohl as to the true intention of the testator and instruct your petitioners in the following respect, namely, are your petitioners, as executors or as trustees, required by the terms of that will to pay for or to Lavenia B. Kohl, Louise K. Nelson, and any issue of Louise K. Nelson, the amounts by which the income taxes of them, or any of them, have been or may be increased, by reason of the inclusion in their taxable incomes of amounts received, and to be received, by them, or any of them, from the executors of the estate of Henry Kohl, deceased, or from the trustees under the will of Henry Kohl. *Page 299 
"2. That this court, should it determine that the will of Henry Kohl does not require and that it was not the true intention of the testator as expressed therein, that your petitioners, as such executors and as such trustees, pay the amounts referred to in Prayer No. 1 hereof, instruct your petitioners on the question of whether they, as such executors or as such trustees, should deviate from the terms of the will of Henry Kohl and pay for or to Lavenia B. Kohl, Louise K. Nelson, and any issue of Louise K. Nelson, the amounts by which the income taxes of them, or any of them, have been or may be increased by reason of the inclusion in their taxable incomes of amounts received, and to be received by them, or any of them, from the executors of the estate of Henry Kohl, deceased, or from the trustees under the will of Henry Kohl.
"3. That this court, should it determine that your petitioners, as such executors or such trustees, are required to pay for or to Lavenia B. Kohl, Louise K. Nelson, or any issue of Louise K. Nelson, the amounts by which the income taxes of them, or any of them, have been or may be increased by reason of the inclusion in their taxable incomes of amounts received, and to be received by them, or any of them, from the executors of the estate of Henry Kohl, deceased, or from the trustees under the will of Henry Kohl, instruct your petitioners on whether such payments by them, as such executors or such trustees, should be charged to thecorpus of the trust or the income thereof."
The answers to the problems posed are to be found in the will of the testator and the decree of this court entered on the prior proceeding, construing the will.
The decree is dated April 23d 1942. Paragraph 1 crystalizes into the law of the case the primary or major finding of the court, to wit, that "The payments of Seventy-five Thousand ($75,000.00) Dollars per year to Lavenia B. Kohl, the testator's widow, specified in paragraph 11th C-1 of the will of Henry Kohl, deceased, are annuities fixed and payable absolutely in all events regardless of the sufficiency or insufficiency of income of the estate to meet the same * * *." This applies to the payments directed to be made by the fiduciaries, as executors. A similar finding is made in paragraph *Page 300 
5 of the decree relating to the payments to be made by the fiduciaries, as trustees, under paragraph 20th C-1 of the will.
Paragraphs 4 and 7 of the decree make a like finding with respect to the nature of the payments required to be made upon the happening of the events prescribed in certain subdivisions of paragraphs 11th and 20th of the will.
Paragraph 8 of the decree limits the payments required to be made by the executors under paragraph 11th C-3 of the will, and by the trustees under paragraph 20th C-3 of the will, to the net income of the estate or trust, as the case may be.
Paragraph 2 of the decree relates to the payment with interest to the widow of so much of her fixed legacies as had not been paid in prior years.
The remainder of paragraphs 1, 4, 5 and 7 of the decree prescribe the manner in which the mandate for the payment of the annuities shall be carried out and the means of securing to the testator's wife and daughter the benefits he intended they should have.
The fiduciaries were directed to pay such fixed legacies "in equal monthly instalments commencing with the date of death of Henry Kohl, such payments to be made first out of net income after the payment of all necessary and proper income administration charges, income taxes and other taxes chargeable against income, interest and all other proper income disbursements and then out of corpus to the extent the net income is not sufficient, * * *."
Paragraphs 3 and 6 of the decree relate to the ascertainment of excess income under paragraphs 11th C-8 and 20th C-8 of the will, and its payment. After providing that income need not reimbursecorpus for invasions made necessary to comply with the court's direction to pay the fixed legacies in full each year, it is decreed that if, after having paid the fixed legacies, "and after the payment of all necessary and proper income administration charges, income taxes and other taxes chargeable against income, interest and all other proper income disbursements as required by the first paragraph of paragraph 11th C-8 (and also 20th C-8) of said will, any balance of net income is then in the hands of the executors or their successors in office (or in the hands of the trustees *Page 301 
or their successors in office) the executors or their successors in office (or the trustees or their successors in office) shall pay or apply such balance of net income as required by the first and other paragraphs of said paragraph 11th C-8 (also 20th C-8) of said will."
The decree has been carefully summarized not only because it is the law of the case, but also because all parties to the present application for instructions, except the guardian ad litem of the daughter born to Mrs. Nelson since such decree, accepted the court's interpretation of the decedent's will and consented to the entry of the decree. The decree is likewise binding on the then unborn issue of the testator's daughter. Such issue were represented in court by the fiduciaries; moreover, as the decree recites, their interests were identical with the interests of the contingent corporate beneficiaries who presented to the court the facts and arguments in support of such interests. Sweet v.Parker, 22 N.J. Eq. 453.
Also, the guardian ad litem of the grandchild, not only concedes the applicability and binding character of such decree upon the ward and subsequent issue, if any, of the testator's daughter, but takes the position that the decree is in the best interest of such issue and is res adjudicata with respect to the issues presented upon this second application for instructions.
Until the change was made in the Internal Revenue Act of 1942, which change became law on October 21st, 1942, the fiduciaries observed and carried out the intent of the testator as reflected in the decree.
Upon the assumption of an annual income of $50,000 and an income tax of $20,000 thereon (the assumption adopted in the fiduciaries brief) the following table shows how the fiduciaries operated in observance of the decree prior to the change in the income tax law.
Income of estate or trust ................................ $50,000.00
Income tax paid by fiduciaries and deducted from income .. 20,000.00
 __________
Balance of income ........................................ $30,000.00
Payable to annuitants .................................... 75,000.00
 __________
Invasion of corpus ....................................... $45,000.00
 *Page 302 
As heretofore pointed out, the change in the income tax law provided that even in the case of annuities, income of fiduciaries distributable to beneficiaries is deductible by the fiduciaries in determining their taxable income and is included in the income of the beneficiaries in determining their taxable income. Thus, the change in the law shifted the tax liability from the fiduciaries, who theretofore had been obliged to pay the income tax on such estate or trust income, to the annuitants, and permitted the fiduciaries to deduct such income in determining their tax liability.
After the change in the law the fiduciaries, without seeking the advice or instruction of this court, operated as set forth in the following table, which is also taken from their brief:
Income ........................................... $50,000.00
Payable to Annuitants ............................ 75,000.00
 __________
Corpus pays ...................................... $25,000.00
Annuitants pay income tax ........................ 20,000.00

It will be observed that corpus invasion was thereby reduced from $45,000 to $25,000, and the widow and daughter found that instead of being the recipients of an annual $75,000 tax free legacy they had inherited a tax-subject legacy bringing them in $55,000 or less depending upon the ups and downs of income tax rates and changes in the law.
Since 1942 through 1945 this change in the operation of the estate and trust has resulted in the payment of income taxes by the testator's wife and daughter of more than $115,000.
The widow and daughter, and the guardian ad litem of the granddaughter, contend that the situation as it existed at the date of testator's will, death, and up until the change in the income tax law, should continue; that the will of the testator, as construed by the decree of this court, is the all-controlling factor on this application; and that the change in the law by Congress cannot defeat the testamentary intent of the decedent and the rights of his favored beneficiaries flowing from the will as construed by this court.
Their contentions are sound. *Page 303 
The decree plainly states that the yearly gifts "are annuities fixed and payable absolutely in all events * * *," and that "after the payment of all necessary and proper income administration charges, income taxes and other taxes chargeable against income, interest and all other proper income disbursements," income shall be used to pay the fixed annuities if sufficient in amount, otherwise corpus is to be invaded to the extent necessary to pay the annuities in full.
It should be noted that the decree does not provide, any more than does the will, that the fiduciaries shall only pay the income tax on income assessed against the estate or trust. It imposes upon the fiduciaries the obligation to pay such income tax as is "chargeable against income," meaning, of course, all income of the estate or trust regardless of who receives it in whole or in part or where by law the impact of tax liability may fall.
The change in the income tax law brought about by the amendment of October 21st, 1942, cannot defeat the rights of beneficiaries arising upon the death of their benefactor. The amendment to the law may require a change in the method by which the purpose of the testator shall be carried out, but it cannot alter or defeat that purpose. The law of New Jersey governs the administration of this trust.
In this court's opinion the will and decree squarely impose upon the fiduciaries the obligation to pay all income taxes chargeable against all income of the estate and trust. The fact that a change in the initial duty of income tax payment as between recipients of income and the United States has arisen cannot alter the rights of the beneficiaries under the will and decree or the duties thereby imposed upon the fiduciaries. Such rights and duties persist and the fiduciaries in a case such as this must adapt themselves to the changed condition.
As was said by our Court of Errors and Appeals in TrustCompany of New Jersey v. Glunz, 121 N.J. Eq. 593;191 Atl. Rep. 795, "The benefits intended for the beneficiaries are the main subjects of consideration. The modes in which these benefits may be attained are incidental, and necessity may require a change of mode to produce the intended effect." *Page 304 
The intent of the testator is clear. His entire residuary estate and trust is devoted and dedicated to his wife and daughter to the end that their benefactions may be at all events received without diminution and tax free as well; whatever may be left, if anything, upon the death of the survivor of his wife and daughter is to pass to the issue of the daughter, if any, and if none, then to the corporate beneficiaries.
In addition to this intent which permeates the entire will, the requirement of paragraphs 11th C-8 and 20th C-8, as interpreted by the decree, that all income taxes be absorbed and paid by the estate and trust, is confirmed by paragraphs 19th and 25th of the will.
The opening section of paragraph 19th is all-embracing. It authorizes the executor to compromise and adjust "all taxes" federal or state, and not only those due from the estate, but also those arising out of the benefactions to the testator's widow, daughter, and issue of the daughter. The contention is made that this paragraph deals with the absorption of death taxes and not income taxes. It is not so limited. It is the second section of the paragraph which deals with death taxes and it, incidentally, expressly exempts the widow, daughter and issue of the daughter from the payment of such taxes, while imposing the burden of paying such taxes on the other beneficiaries mentioned in said paragraph. If the first section of the paragraph applied to death taxes why the need for the second? It is only if the first applies to other than death taxes that life and meaning can be given to the entire paragraph.
And this construction is confirmed when paragraph 25th of the will, relating to the trust, is examined. This paragraph repeats the first section of paragraph 19th but not the second. Why was the second omitted? Simply because the testator assumed that during the five years the executors were permitted to administer the estate before turning the residue over to themselves as trustees that all death taxes would be paid. However, a repetition of the first section of paragraph 19th in paragraph 25th was necessary because the trust would then be operating and be subject to recurring tax obligations such as income taxes and personal property taxes. These the *Page 305 
testator wanted to be sure would be paid by his estate and trust to assure his wife and daughter and grandchildren tax free benefactions.
The fiduciaries are, therefore, advised that the annuities payable to the testator's widow, daughter and the issue of the daughter, are free from income taxes and other taxes, and that the fiduciaries are required to pay for or to said beneficiaries the amounts by which their income taxes have been or may be increased by reason of the inclusion in their taxable incomes of amounts received or to be received from said fiduciaries.
So much for the fixed yearly payments or annuities. The fiduciaries also want to know whether the excess or surplus income, payable pursuant to certain provisions of the testator's will, is tax free.
At the present time the gross annual income of the trust is approximately $60,000. Thus, it will always be necessary to invade corpus to pay the fixed yearly legacies as long as the widow lives. However, upon her death, the yearly legacy drops to $25,000 per annum for the benefit of the daughter, and of her issue in the event of the daughter's death during their minority.
This request for instructions involves paragraphs 11th C-8 and 20th C-8 of the will and paragraphs 3 and 6 of the decree. The paragraphs of the will just mentioned provide the formulae by which to determine whether or not excess income is available for distribution. The testator desired each year's income to be exhausted and stipulated what should first be paid out of income before payment of the balance thereof to his wife, daughter, and her issue.
An examination of the will and decree reveals that excess income can only arise "after the payment (by the fiduciaries) of all necessary and proper income administration charges, income taxes and other taxes chargeable against income, interest and all other proper income disbursements as required by the first paragraph of paragraph 11th C-8 (also 20th C-8) of said will * * *."
As the language is the same as that of the will and of the decree heretofore discussed with reference to the fixed yearly *Page 306 
legacies, no useful purpose will be served by restating the reasoning which caused this court to conclude that such language required the estate and trust to absorb such income taxes.
The fiduciaries and the contingent corporate beneficiaries call the court's attention to the fact that the amendment to the Revenue Act of 1942 made no change in the law respecting the taxability of income payable solely out of income. Granted, but the fact is unimportant. It is not what the tax liability of the beneficiaries may have been at the time of the testator's death and now; what is important is what were the testator's intentions with respect to such tax liability? The gift of excess income was intended to be as tax free as the fixed annuities and the fiduciaries are so instructed.
In determining excess income, income taxes and the other items required by the will and decree first to be paid, shall be paid or provided for by the fiduciaries, and then payment made of the fixed legacy, together with any balance of the net income remaining.
These conclusions make it unnecessary to apply the principle of deviation in this case. The testator provided in his will for a contingency or a change in the initial impact of income tax liability; he made an overall provision that no matter what the contingency or change, his benefactions to his loved ones were to be tax free, including income taxes.
However, were I possessed of any serious doubt on this score, it would be my opinion that the situation here presented would justify an application of the principle of deviation to avoid defeating the testator's manifest intention. 1 Restatement ofthe Law — Trusts, § 167; Pennington v. Metropolitan Museum ofArt, 65 N.J. Eq. 11; 55 Atl. Rep. 468; Trust Company of NewJersey v. Gluntz, supra, and Hardy v. Bankers Trust Co.,137 N.J. Eq. 352; 44 Atl. Rep. 2d 839.
The failure of the fiduciaries to observe the directions of the will and decree (to pay all income taxes chargeable against all estate and trust income) or to provide for reimbursement to those required to pay such taxes because of the change in the income tax law, has resulted in a lesser invasion of corpus than would otherwise have been the case had the fiduciaries *Page 307 
maintained the situation as it existed prior to the change in the law. Hence, the corpus has benefited by such voluntary departure from the testamentary intent as found by this court. It therefore follows that corpus must be the source from which the widow and daughter should be reimbursed for that amount of income taxes they have been required or are obligated to pay to date by reason of the inclusion in their taxable incomes of income of the estate and trust which the fiduciaries have used to pay what I have determined to be tax free legacies.
And in the future the fiduciaries should either pay all income taxes chargeable against all estate and trust income in the first instance or, if that is not practicable, they should provide for reimbursement to those who do pay such taxes, first using income for this purpose to the extent available. The testator wanted the benefactions to his loved ones to be tax free. That was his major objective. The use of income in aid of that objective was but a means to the desired end and not the end itself. It would be defeating the testator's clearly expressed purpose to say that because his fiduciaries had used estate and trust income to partially pay the fixed yearly legacies to the favored beneficiaries that, therefore, due to a change in the income tax law, such beneficiaries should receive substantially less from the estate and trust than the testator intended they should have. The amendment to the income tax law cannot, under the circumstances of this case, be permitted to benefit corpus to the detriment of the favored beneficiaries in the face of the plain testamentary intent and the equally plain language of the decree.
The fiduciaries will adapt their method or means of operation and administration of the trust to carry out the objectives of the testator in accordance with the views herein expressed. *Page 308