The bill of complaint was filed by the executor and trustee under the will of Margaret G. Lynch. He seeks instructions as to his rights and duties arising under paragraphs "Eleventh" and "Eighteenth" thereof. The case was submitted upon the pleadings and briefs.
Margaret G. Lynch died on February 1st, 1943, testate. The complainant qualified as executor on February 17th, 1943, and has acted as such since that date.
The eleventh paragraph of the will reads as follows:
"I give and bequeath to my trustee hereinafter named the sum of Five Thousand ($5,000.00) Dollars and I direct that the same be held in trust for a period of ten years for the benefit of my grandniece, Agnes Newsome of East Orange, New Jersey, and I direct my executor to make annual payments to the said Agnes Newsome of the fund and interest accrued thereon until the same has been fully distributed to the said Agnes Newsome. If the said Agnes Newsome should die prior to receiving the entire trust fund, then I direct that the balance of the trust fund become a part of my residuary estate."
The eighteenth paragraph of the will reads as follows:
"I give, devise and bequeath to my executor all of the rest, residue and remainder of my estate, both real, personal and mixed, or any interest I may have therein at the time of my death, to be held in trust, nevertheless, to sell the same at such time and at such prices as in his opinion would be most advantageous to my estate, either at public or private sale, and the proceeds received from the sale of said properties, together with such rents and income as may be received are to become a part of my residuary estate.
"I hereby direct my executor and trustee to pay over seventy-five (75%) per cent of the residue of my estate to my grandniece, Agnes Newsome, and twenty-five (25%) per cent to the Society for the Propagation of the Faith, and in the event that Agnes Newsome should predecease me, then and in that event, I direct my residuary estate to be paid to the Society for the Propagation of the Faith.
"I do hereby give and grant unto my executor and trustee hereinafter named full power and authority to grant, bargain, sell, convey, mortgage, or lease any and all of my property of which I may die seized."
Agnes Newsome survived the testatrix and died on April 24th, 1947, intestate. The defendant Thomas H. Newsome was duly appointed administrator of her estate by the surrogate *Page 446 
of Essex County. A portion of the fund bequeathed to the trustee by the eleventh paragraph of decedent's will, viz., $2,200 in principal and $20.84 in interest, remains in the hands of the trustee unpaid. He alleges that he "does not know if the balance on hand is the sole property of the Society for the Propagation of the Faith," or whether it "passes to the administrator of the estate of Agnes Newsome, deceased," or whether it "is intestate property not passing under the will of Margaret G. Lynch, deceased."
The Society for the Propagation of the Faith contends that it is entitled to the whole of the balance of the fund remaining in the hands of the trustee, since Agnes Newsome never obtained a vested right in this undistributed balance. In support of this contention it is argued that "by reason of the provisions of paragraph Eleventh, the balance of the trust funds thereunder could not and did not pass into the residuary trust until the death of Agnes Newsome and therefore Agnes Newsome could never obtain a vested right therein under the residuary clause of the estate in these funds." However true the premise of this argument may be, the conclusion arrived at does not follow. The fact that the party in whom the estate is vested may never actually enjoy the estate does not prevent its vesting. See Potter v. Nixon,81 N.J. Eq. 338, 343, wherein the court, citing Rep. Leg.*597, stated:
"It is a rule of construction in regard to contingent executory bequests that the interests of the first and subsequent takers,quodam modo, vest uno instanti; so that if the substituted legatee die before the contingency happens, upon which he is to succeed to the legacy, his representative will notwithstanding be entitled to it so soon as the event shall take place. Suppose then a bequest be made to A, but if A died under twenty-one, or without leaving children or issue, to B, although B happened to die before A, B's personal representatives would be entitled to receive the legacy upon the happening of the contingency, on the ground of its being vested in right in B previously to his decease."
The administrator of the estate of Agnes Newsome contends that as to all property falling at any time into the residuary estate of Margaret G. Lynch, 75 per cent. thereof *Page 447 
is payable to him as administrator and 25 per cent. is payable to the Society for the Propagation of the Faith.
The soundness of the administrator's position depends upon whether or not the right of Agnes Newsome to take the residuum
was vested or contingent upon the death of Margaret G. Lynch. The only contingency expressed in the will of Margaret G. Lynch as to the portion of the residuum devised and bequeathed to Agnes Newsome is that in the event Agnes Newsome should predecease the testatrix, the entire residue should be paid to the Society for the Propagation of the Faith. The contingency, however, never arose for the reason that Agnes Newsome survived the testatrix by more than four years. She met the condition required by the will by surviving and upon the death of the testatrix became entitled to 75 per cent. of the residuary estate. Surviving the testatrix was the only requirement imposed on Agnes Newsome by the terms of the will. There was no further requirement that she survive the time of payment and there was no gift over if she did not. Upon the death of the testatrix, Agnes Newsome having met the contingency imposed, obtained a present right to future enjoyment of the residuum; the only uncertainty being whether or not she would ever actually enjoy it. It is well settled that this creates a vested estate. See Trenton Trust and Safe Deposit Co.
v. Moore, 83 N.J. Eq. 584, 586; affirmed, 84 N.J. Eq. 194.
See, also, Miers v. Persons, 92 N.J. Eq. 17, 20, where it is said:
"The fact that the enjoyment is uncertain never interferes in the vesting of an estate. When the contingency is not in the person but in the event or in the time of enjoyment, the interest is vested."
There was no intestacy as to the unpaid installments remaining in the hands of the trustee. Courts are loath to declare an intestacy unless such intention is clear. It is presumed that when a will is executed, the testatrix intends to dispose of her entire estate and does not intend to die intestate as to any part of her property. Leigh v. Savidge, 14 N.J. Eq. 124, 134;Baldwin v. Baldwin, 107 N.J. Eq. 91, 93. In Carter v. Gray,58 N.J. Eq. 411, 416, Vice-Chancellor Grey said: *Page 448 
"When the question presented requires the construction of a residuary clause, the courts have a strong disposition so to interpret it as to prevent an intestacy with regard to any part of the testator's property. Leake v. Robinson, 2 Mer. *386.
`It must always be remembered,' says Sir Richard Pepper Arden, master of the rolls, in Phillips v. Chamberlaine, 4 Ves. *59, `that when the residue is given, every presumption is to be made that the testator did not intend to die intestate,' and inWarner v. Willard, 54 Conn. 470, where there was a devise of the real estate in terms for life to the wife, and also a gift of `all the residue of my estate of whatever name or kind' to her, the residuary gift was held to have passed to the wife a fee in the real estate."
In view of the foregoing, I conclude that the administrator of the estate of Agnes Newsome is entitled to 75 per cent. of the fund remaining in the hands of the trustee and that the Society for the Propagation of the Faith is entitled to 25 per cent. thereof.
I shall advise a decree accordingly. *Page 449