72 N.J. Super. 48 (1962)
178 A.2d 105
BLANCHE TOBLER, PLAINTIFF,
v.
ROBERT W. MONCRIEF AND THE FIRST NATIONAL BANK AND TRUST COMPANY, OF MONTCLAIR, NEW JERSEY, EXECUTORS OF AND TRUSTEES UNDER THE LAST WILL AND TESTAMENT OF JACOB TOBLER, DECEASED, ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided January 30, 1962.
*50 Mr. Walter E. Cooper for plaintiff (Mr. William Y. Pryor and Messrs. Walter E. & Walter M. Cooper, attorneys).
Mr. Robert W. Moncrief for defendants.
MINTZ, J.S.C.
Plaintiff seeks a construction of the will of her late husband, Jacob Tobler. He died testate on June 29, 1954. Letters testamentary and letters of trusteeship were issued to the defendants Robert W. Moncrief and The First National Bank and Trust Company of Montclair, New Jersey, the executors and trustees named in said will. The decedent was survived only by his widow, his brothers, sisters and their issue. Plaintiff is now over 80 years of age.
By paragraph Second of his will testator provided as follows:
"SECOND: I give, devise and bequeath to my beloved and devoted wife, BLANCHE TOBLER:
(a) The balance of our joint bank account in the First National Bank & Trust Company of Montclair, New Jersey, and
(b) The sum of Ten Thousand ($10,000.00) Dollars, and
(c) All of my tangible personal property, except securities and except any monies other than as provided in paragraphs (a) and (b) above."
By paragraph Fifth, he directed his executors to pay all just debts and "estate, inheritance, succession and other death taxes due and imposed on or in connection with my estate or any part thereof out of the rest, residue and remainder of my estate."
In paragraph Sixth he bequeathed and devised the rest, residue and remainder of his estate to his trustees for the following purposes:
*51 "(a) To hold, manage, invest and reinvest the same and keep the same invested, and to receive the income therefrom, and, after paying the reasonable and proper expenses of this trust, to pay to my wife, or to her use, during her lifetime, an annuity of Ten Thousand ($10,000.00) Dollars in quarter-annual installments, the first of which installments shall be payable twelve (12) months after the date of my death. In case the income from this trust fund shall at any time be insufficient to pay the said annuity, I authorize and direct my trustees to sell a sufficient part of the corpus of this trust fund to pay the same.
(b) Upon the death of my wife, to divide the principal as it shall then exist, into (6) six equal shares and to distribute one share of each of [sic] the following:
1. The issue of my deceased sister, LISETTE LEEMAN, per stirpes and not per capita.
2. The issue of my deceased sister, BABETTE TISCHAUSER, per stirpes and not per capita.
3. My brother, CHRISTOPHER TOBLER, if he be then living. If he shall not be living, then to his issue, per stirpes and not per capita.
4. My sister, LUCIA BAADER, if she be then living. If she shall not be living then to her issue, per stirpes and not per capita.
5. My brother, RUDOLPH TOBLER, if he be then living. If he shall not be living, then to his issue, per stirpes and not per capita.
6. The issue of my deceased sister, MARTHA BUEHLER, per stirpes and not per capita."
The trustees' accounting indicates that as of September 14, 1961 they had on hand a balance of income accumulated over the years in the sum of $9,943.57, representing excess income over trust expenses and the annuity.
Plaintiff contends that she is entitled by virtue of testamentary intent to have the federal income taxes which she has paid on her annuity of $10,000 refunded to her out of the accumulated income or principal of the residuary trust. Alternatively, she contends that an intestacy resulted as to the disposition of excess income over the amount required annually to pay the expenses of the trust and the annuity and that as the decedent's sole next of kin she is entitled to receive the same. N.J.S. 3A:4-3.
The primary inquiry is a determination of the testator's intent to be ascertained from the language of the will. An "annuity" is the right to the payment of a *52 specified sum of money at stated intervals, usually annually or at aliquot parts of a year. Litcher v. Trust Co. of New Jersey, 11 N.J. 64, 75 (1952). Clearly the testator here intended to provide his widow with the fixed amount of $10,000 annually. The trustees were authorized to invade the corpus, if required, to pay such annuity to the testator's "beloved and devoted wife." However, this is not sufficient to spell out the testator's intent that the estate absorb the annuitant's annual federal income taxes. The practical effect of such ruling is to increase the gift. 96 C.J.S., Wills, § 1134(b), page 913 (1957). The intent of a testator to so increase a gift will not be drawn from vague or uncertain language. Sneed v. Pool, 228 S.W.2d 913 (Tex. Civ. App. 1950). The court in Sneed construed the direction to the executor to pay taxes as referable only to estate taxes. It held that the annuitant under a will was not entitled to reimbursement for federal income taxes paid on the annuity. While Sneed is distinguishable as the annuity there was a charge solely on income and no invasion of principal was permitted to meet any insufficiency of income, its rationale is apposite. See Chicago Title & Trust Co. v. Schwab, 347 Ill. App. 233, 106 N.E.2d 857 (App. Ct. 1952); Annotation, 37 A.L.R.2d 7, 90 (1954).
Commercial Trust Company of New Jersey v. Kohl, 140 N.J. Eq. 294 (Ch. 1947) is not in point for there a specific provision in the will imposed upon the fiduciaries the obligation to pay such income tax as is "chargeable against income." There is no such all-embracing tax provision in the case sub judice as that in Kohl. The fact is that the testator very plainly provided in paragraph Fifth for the payment by the executors of all "estate, inheritance, succession and other death taxes," but not for the payment of the annuitant's federal annual income taxes. The will was executed in 1953. The testator was mindful of the tax impact. The fact that he made provision for the payment by the executors of certain taxes and excluded any *53 provision for the payment of the annuitant's annual federal income taxes clearly indicates that he did not intend the trust to absorb this item.
In paragraph Sixth (a) the trustees are authorized "after paying the reasonable and proper expenses of this trust" to pay plaintiff the annuity therein provided. But clearly the annuitant's personal income taxes cannot be deemed included within this clause. Her personal income taxes are not "proper expenses of this trust," but rather her personal obligation. It is urged that the provisions in the will for the widow's benefit should be construed liberally in her behalf. Arenofsky v. Arenofsky, 29 N.J. Super. 209, 217 (App. Div. 1954). However, the construction urged contravenes the testator's intent. I conclude that the plaintiff is not entitled under the will to be reimbursed out of accumulated income or out of the principal of the fund for any federal income taxes which she has paid on her annuity.
The law abhors intestacy and presumes against it. Hackensack Trust Co. v. Bogert, 24 N.J. Super. 1, 7 (App. Div. 1952); Barrett v. Barrett, 134 N.J. Eq. 138, 142 (Ch. 1943). This presumption is particularly strong when the subject of the gift is the residuary estate. In re Pfizer, 33 N.J. Super. 242 (Ch. Div. 1954), affirmed on opinion 17 N.J. 40 (1954); Bankers Trust Co. v. N.Y., etc. Animals, 23 N.J. Super. 170 (App. Div. 1952); Bankers Trust Co. of New York v. Greims, 115 N.J. Eq. 102 (Ch. 1934), affirmed 117 N.J. Eq. 397 (E. & A. 1934). A testator is presumed to have intended the disposition of his entire estate. See Crummy v. Society for the Propagation of the Faith, 142 N.J. Eq. 444, 447 (Ch. 1948). To accomplish this, the intention of the testator is gleaned from the will as a whole and if a desire can be found to dispose of all his assets, an effort will be made to effectuate that purpose. In doing so, the court is empowered to depart from the strict wording of the will in order to mold or change its language. Hackensack Trust *54 Co. v. Bogert, supra, 24 N.J. Super., at p. 8; Barrett v. Barrett, supra, 134 N.J. Eq., at p. 148.
Testator's will is concise and his overall intent clear. He first provides his wife with a yearly income for her life and at her death all that remains is to go to the named beneficiaries. His intent to die testate is beyond question. Although there is no direction to the trustees as to what shall be done with any excess income during the life of the plaintiff, there is a clear directive that at her death "the principal as it shall then exist" be turned over to the named beneficiaries. In a choice between two possible constructions of language used in the will, even though both appear to be reasonable, the interpretation should be chosen which more fully effectuates the testator's intention. Hackensack Trust Co. v. Bogert, supra, 24 N.J. Super., at p. 6. A reasonable interpretation of "principal as it shall then exist" includes not only a depletion of the fund in the trustees' hands, but any increase as well. This interpretation fully effectuates the testator's intention. Such construction is consonant with the rule expressed in Stoffels v. Stoffels, 18 N.J. Super. 300, 304-305 (Ch. Div. 1952) where the court said:
"Generally, in the event that the corpus of a testamentary trust produces surplus income for which no provision has been made directing either its distribution or accumulation, such income will be accumulated and be distributable as a part of the corpus at the termination of the trust among those who are entitled under the will to a share in such corpus. The effect of the failure of the testator to make any specific disposition thereof would not produce an intestacy. Bye v. Strasbourg, 102 N.J. Eq. 300 (E. & A. 1927); The New York Trust Co. v. Murray, 120 N.J. Eq. 494 (Ch. 1936); Sandford v. Blake, 45 N.J. Eq. 247 (E. & A. 1889); Schumacher v. Howard Savings Institution, 128 N.J. Eq. 56 (Ch. 1940)."
There is no intestacy with respect to the surplus income, and plaintiff accordingly is not entitled to the same. A form of judgment consistent with the views herein expressed will be submitted, consented to as to form or to be settled on notice.